UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT N. OLNEY,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                    Defendant. | NO: 12-CV-0547-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 14 and 15).  Plaintiff is represented by Maureen J. Rosette.  Defendant is represented by Matthew W. Pile.  This matter was submitted for consideration without oral argument.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

1  defined generally as the claimant's ability to perform physical and mental work
2  activities on a sustained basis despite his or her limitations (20 C.F.R. §§
3  404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the
4  analysis.
5       At step four, the Commissioner considers whether, in view of the claimant's
6  RFC, the claimant is capable of performing work that he or she has performed in
7  the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv);
8  416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the
9  Commissioner must find that the claimant is not disabled. 20 C.F.R. §§
10 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the
11 analysis proceeds to step five.
12      At step five, the Commissioner considers whether, in view of the claimant's
13 RFC, the claimant is capable of performing other work in the national economy.
14 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination,
15 the Commissioner must also consider vocational factors such as the claimant's age,
16 education and work experience. *Id.* If the claimant is capable of adjusting to other
17 work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§
18 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other
19 work, the analysis concludes with a finding that the claimant is disabled and is
20 therefore entitled to benefits. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on December 30, 2009. Tr. 108-25. These applications were denied initially and upon reconsideration, and a hearing was requested. Tr. 70-73, 77, 78-81. A hearing was held before an Administrative Law Judge on June 14, 2011. Tr. 32-65. The ALJ rendered a decision denying Plaintiff benefits on July 18, 2011. Tr. 20-27.

The ALJ found that Plaintiff meets the insured status requirements of Title II of the Social Security Act through December 31, 2013. Tr. 22. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 29, 2009, the alleged onset date. Tr. 22. At step two, the ALJ found that Plaintiff had severe impairments consisting of chronic obstructive pulmonary disease (COPD), calcific tendinosis of the right shoulder, glaucoma, diabetes mellitus, obesity, obstructive sleep apnea, and hearing loss correctable with hearing

aids. Tr. 22. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment. Tr. 23. The ALJ then determined that Plaintiff had the residual functional capacity to:

> Perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he would not be able to perform work that would involve more than occasional climbing of ramps, stairs, ladders, ropes or scaffolds; more than occasional balancing, stooping, kneeling, crouching, or crawling; more than occasional overhead reaching with the right upper extremity; any concentrated exposure to environmental conditions such as extreme cold, wetness, humidity, respiratory irritants (such as fumes, odors, dusts, gasses), or hazards such as machinery and unprotected heights.

Tr. 23. At step four, the ALJ found that Plaintiff was able to perform his past relevant work as a food deliverer, supervisory order taker, injection molding machine tender, sales clerk, retail store manager, and telephone solicitor. Tr. 26. In light of her step four finding, the ALJ concluded that Plaintiff was not disabled and denied his claims on that basis. Tr. 26-27.

The Appeals Council denied Plaintiff's request for review on August 1, 2012, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

ISSUES

Plaintiff raises one issue for review: whether the ALJ properly considered the opinions of certified physician's assistant William Bomberger. ECF No. 14 at 10-13; ECF No. 16 at 1-3.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

# DISCUSSION

Plaintiff contends that the ALJ erred in rejecting the opinion of certified physician's assistant William Bomberger that Plaintiff was "severely limited" in his ability to work. More specifically, Plaintiff challenges the ALJ's rejection of Mr. Bomberger's opinions on the ground that they were internally inconsistent. ECF No. 14 at 10-13; ECF No. 16 at 1-3. Had the ALJ properly interpreted this evidence, Plaintiff contends, she would have been compelled to find Plaintiff disabled.

## A. Standard of Review

Plaintiff contends that Mr. Bomberger's opinions are entitled to controlling weight under the Social Security regulations. ECF No. 14 at 10-12; ECF No. 16 at 2. The Court disagrees. As a certified physician's assistant, Mr. Bomberger is not an "acceptable medical source" within the meaning of 20 C.F.R. §§404.1513(a) and 416.913(a). SSR 06-03p, 2006 WL 2329939 at *2 (nurse practitioners and physician assistants are not "acceptable medical sources" under §§ 404.1513(a) and 416.913(a)). Instead, Mr. Bomberger is an "other source" as defined in 20 C.F.R. §§ 404.1513(d) and 416.913(d). *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). As such, Mr. Bomberger's opinions about the nature and severity of Plaintiff's impairments are not entitled to controlling weight. SSR 06-03p, 2006 WL 2329939 at *2; 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2).

Citing to *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996), Plaintiff argues that a physician assistant who "work[s] in conjunction with a physician constitutes an acceptable medical source." ECF No. 16 at 2. Two other Courts in this District have held that *Gomez* is no longer good law on this point following an amendment of the applicable regulations in 2000:

> The subsection of the regulation [20 C.F.R. § 416.913(a)(6)] which was the basis of the *Gomez* [holding] regarding nurse practitioners as acceptable medical sources when part of an interdisciplinary team was deleted by amendment in 2000. 65 Fed. Reg. 34950, 34952 (June 1, 2000). Under current regulations, physician assistants qualify only as an "other source" to be considered. 20 C.F.R. §§ 404.1513(d), 416.913(d). There is no [longer a] provision for a physician assistant to become an acceptable medical source when supervised by a physician or as part of an interdisciplinary team.

Farnacio v. Astrue, 11-CV-0065-JPH 2012 WL 4045216 at *6, (E.D. Wash., Sept. 12, 2012); *see also* Hudson v. Astrue, 11-CV-0025-CI, 2012 WL 5328786 at *4 n. 4, (E.D. Wash., Oct. 29, 2012); Nelson v. Astrue, 11-CV-0003-JPH, 2012 WL 2847863 at *8 n. 3 (E.D. Wash., July 11, 2012); Reynolds v. Astrue, 09-CV-0213-CI, 2010 WL 3516895 at *8 (E.D. Wash., Sept. 3, 2010). The Court agrees with the analysis set forth in these cases and adopts it in full. Because Mr. Bomberger is an "other source" under §§ 404.1513(d) and 416.913(d), the ALJ need only have provided "germane reasons" for rejecting his findings. *Molina*, 674 F.3d at 1111.

//

//

**B. Any Error in Interpreting Mr. Bomberger's Opinion Was Harmless**

The ALJ rejected Mr. Bomberger's opinions on the ground that his "assessment of the severity of the [Plaintiff's] impairments and related limitations were contradictory." Tr. 26. More specifically, the ALJ noted:

> In April of 2010, Mr. Bomberger completed a "Physical Evaluation" form provided by the Department of Social & Health Services providing an assessment of the claimant's capacity for work activity in light of his physical impairments. Although Mr. Bomberger reported [that] the claimant's COPD would pose marked exertional and non-exertional limitations, in his narrative assessment, Mr. Bomberger referred to the claimant's COPD as only moderately severe[,] and a same-day [pulmonary function test] finding stated that his respiratory capacity markedly improved post-bronchodilator. Mr. Bomberger also opined that the claimant's left shoulder bursitis would pose a moderate degree of limitation in lifting, handling, and carrying and that the claimant's symptoms appeared to be improving with no more than conservative treatment.

Tr. 25. The ALJ further concluded that "even if the [Plaintiff] was limited to sedentary exertion, as opined by Mr. Bomberger, [he] could still perform his past relevant work as a telephone solicitor and supervisory order taker, both of which have been identified as sedentary work by the vocational expert." Tr. 27.

The Court is not persuaded that Mr. Bomberger's opinions are internally inconsistent. In the "Assessment" section of the DSHS Physical Evaluation form, Mr. Bomberger rated Plaintiff's COPD as "marked" (severity level 4) and his shoulder bursitis as "moderate" (severity level 3). Tr. 276. Based upon these ratings, Mr. Bomberger listed Plaintiff's ability to work as "severely limited,"

meaning that Plaintiff would be unable to lift at least two pounds or unable to stand and/or walk. Tr. 276. In his attached narrative report, Mr. Bomberger described Plaintiff's COPD as "mod-severe, disabling, level 4 x 12 months." Tr. 279. A notation at the bottom of Plaintiff's pulmonary function test reads: "Interpretation: Moderately severe obstruction, with low vital capacity. Post bronchodilator test markedly improved." Tr. 280.

Neither of these notations appears to "contradict" the findings reflected on the Physical Evaluation form. Notably, Mr. Bomberger described the severity of Plaintiff's COPD as "level 4" in his narrative report. Tr. 279. This description is consistent with Mr. Bomberger's rating of Plaintiff's COPD as "marked" (severity level 4) on the Physical Evaluation form. Tr. 276. Thus, there is reason to believe that Mr. Bomberger simply used the wrong term ("moderately" rather than "marked") in his narrative report. With regard to the pulmonary function test, Mr. Bomberger noted that Plaintiff had a "[m]oderately severe *obstruction*, with low vital capacity." Tr. 280 (emphasis added). This is plainly not a description of Plaintiff's ability to perform work-related tasks. At bottom, there do not appear to be any meaningful internal inconsistencies in Mr. Bomberger's opinions.

Nevertheless, the Court finds that any error in rejecting Mr. Bomberger's opinions was harmless. *See Molina*, 674 F.3d at 1111, 1115 (a district court "may not reverse an ALJ's decision on account of an error that is harmless," *i.e.*, an error

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

which is "inconsequential to the [ALJ's] ultimate nondisability determination"). As noted above, the ALJ specifically found that "even if [Plaintiff] was limited to sedentary exertion, as opined by Mr. Bomberger, [he] could still perform his past relevant work as a telephone solicitor and supervisory order taker." Tr. 27. Plaintiff has not challenged this finding on appeal. Having reviewed the entire record, the Court determines that this finding is supported by substantial evidence. Accordingly, Defendant is entitled to summary judgment.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** August 27, 2013.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12